UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID PAL, *et al.*, | ) | CASE NO.  1:23-cv-01233 |
| | ) | |
| Plaintiffs, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| MARK DELIBERATO, *et al.*, | ) | **FINAL JUDGMENT ENTRY** |
| | ) | |
| Defendants. | ) | |

On March 25, 2025, the Court granted David Pal and Just a Side Business, LLC's ("Plaintiffs") motion for partial summary judgment on Counts Seven and Eight of the amended complaint.  (Doc. 32.)  Count Seven asserted breach of the parties' settlement agreement between, and Count Eight sought specific performance.  (Doc. 16-2 at 161-63.)  The Court awarded Plaintiffs $290,926.09 in damages, $41,075.67 in attorneys fees, $30,264.29 in prejudgment interest, and post-judgment interest.  (*See* Doc. 32 at 445.)  The Court also held Plaintiffs were entitled to specific performance under the terms of the settlement agreement.  (*Id.* at 442.)

On April 8, 2025, Plaintiffs moved for entry of final judgment pursuant to Federal Rules of Civil Procedure 58(d) and 54(b).  (Doc. 33.)  Plaintiffs' amended complaint asserted  claims other than Counts Seven and Eight.  (*See* Doc. 16-2 at 157-63.)  In their motion, Plaintiffs explain "those claims are now mooted by the Court's award of summary judgment to Plaintiffs on the grounds that the parties entered into a binding and valid settlement agreement."  (Doc. 33 at 448.)  Mark Deliberato, CTech Partners, LLC, and M1Venture Partners, LLC ("Defendants") have not opposed this motion, and the deadline for doing so has passed.

Rule 54(b) provides:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). To enter final judgment under Rule 54(b), the Court must determine both that its decision as to a claim was a final judgment and that there is no just reason for delay. *See Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). Here, the Court's order was a final judgment as to Counts Seven and Eight. Moreover, and as noted by Plaintiffs, the Court's order enforcing the parties' settlement agreement moots all other claims. (*See* Doc. 33 at 450 ("[T]he non-adjudicated claims are subsumed within the adjudicated claims[.]").) The Court finds no just reason for delaying entry of final judgment. Plaintiffs are entitled to prompt recovery and performance pursuant to the terms of the settlement agreement. And if there was a basis to delay entry of a final judgment, surely Defendants would have submitted some sort of opposition to Plaintiffs' motion. They did not.

Accordingly, pursuant to Federal Rules of Civil Procedure 54(b) and 58(d), the Court GRANTS Plaintiffs' motion for entry of final judgment. (Doc. 33.) Consistent with the Court's previous order (Doc. 32), the Court grants final judgment as follows:

1. Judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $362,266.05 ("Judgment Amount"), consisting of $290,926.09 in damages, $41,075.67 in attorneys' fees and costs, and $30,264.29 in prejudgment interest;

2. Judgment in favor of Plaintiffs and against Defendants, jointly and severally, for post-judgment interest on the Judgment Amount, at the statutory rate, until it is paid in full;

3. Judgment granting Plaintiffs specific performance and ordering Defendants, jointly and severally, to

(a) immediately cause the completion and the filing of all 2023 federal, state, and local tax returns for Untitled Labs, LLC, including all attendant forms and schedules (collectively "Tax Filings") within 30 days of entry of this Judgment;

(b) be responsible for any tax liability associated with the Tax Filings;

(c) defend, indemnify and hold harmless Plaintiffs, at Defendants' own costs, from any and all tax liability associated with Untitled Labs, LLC's 2023 tax returns; and

(d) immediately furnish Plaintiffs, within 3 business days of completion, copies of the Tax Filings.  Just A Side Business, LLC shall be entitled to claim any tax losses stemming from United Labs, LLC's 2023 tax filing.

4. Judgment granting Plaintiffs specific performance and ordering Defendants, jointly and severally, to immediately cause the completion and the filing of all documents needed to dissolve Untitled Labs, LLC and to fully wind down its operations as a legal entity, in Ohio and in any other jurisdiction in which it is registered to do business within 30 days of entry of this Judgment.

Further, in light of Plaintiffs' recognition that this entry of final judgment moots all remaining claims, those claims are DISMISSED.

**IT IS SO ORDERED.**

**Date:** April 28, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE